In the Matter of ANTHONY J. BIVONA, Individually and on Behalf of All Other Residents of the 18th Legislative District of the County of Suffolk Similarly Situated, et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents. (And Another Action.)

Second Department, January 24, 1983

APPEARANCES OF COUNSEL

*Patrick Kevin Brosnahan, Jr. (Anthony J. Bivona, pro se, Jane R. Devine, pro se, Ira M. Hariton, John Foley, Wayne Prospect, Philip Nolan* and *Sally O'Hearn* of counsel), for appellants.

*David J. Gilmartin, County Attorney (Anton J. Borovina* of counsel), for respondents.

OPINION OF THE COURT

*Per Curiam.*

The instant proceeding was instituted by petitioners pursuant to CPLR article 78 in the nature of mandamus seeking to compel the respondents Suffolk County Executive, Suffolk County Clerk and Presiding Officer of the Suffolk County Legislature to immediately call, i.e., choose a date for, a special election to fill a vacancy in the 18th Legislative District of the Suffolk County Legislature.

Trial Term dismissed the proceeding as well as an accompanying action seeking, *inter alia,* injunctive relief, on the ground that the pleadings failed to state a claim upon which relief could be granted.

We affirm.

By resignation effective January 2, 1983 the incumbent legislator in and for the 18th Legislative District of the Suffolk County Legislature resigned in order to assume his new duties as a United States Congressman, and a vacancy was thus created in the Suffolk County Legislature.

The mechanism for filling vacancies in the Suffolk County Legislature is contained in Local Law No. 4-1981, which amended section 206 of article II of the Suffolk County Charter so as to provide for the filling of vacancies in the County Legislature (occurring other than by expiration of term) by special election. Specifically, section 206 of article II of the Suffolk County Charter provides as follows: "A vacancy in the office of a County Legislator, other than by expiration of the term, shall be filled by special election to be held within ninety (90) days of such vacancy in the legislative district of said vacated office".

The express language of this section mandates that the election to fill a vacancy in the Suffolk County Legislature be held within 90 days of the vacancy.

It is the petitioners' argument that the respondents have failed to comply with this section of the Suffolk County Charter in that they have not, as yet, called, or chosen a date for, a special election to fill the vacancy in the 18th Legislative District of the Suffolk County Legislature.

The petitioners' argument is without merit. Section 206 of article II of the Suffolk County Charter only imposes a duty to hold a special election within 90 days of a vacancy in the Suffolk County Legislature. It is totally silent as to when the choice of the date of the special election must be made, and petitioners have failed to cite to this court any other relevant provisions of law regarding this issue.

On oral argument of the instant appeal, counsel for the respondents conceded that in order to give proper notice to both the electorate and the board of elections, the choice of a date for the special election could not be made less than

30 days prior to the election itself (cf. Public Officers Law, § 42, subd 3). Indeed, it appears from the record that the dates of the two most recent special elections to fill vacancies in the Suffolk County Legislature, i.e., January 18, 1983, and June 29, 1982, were chosen by resolutions passed by the Suffolk County Legislature (and approved by the County Executive), 35 days and 49 days prior thereto, respectively. Since only three weeks have expired since the vacancy in the 18th Legislative District was created, it is clear that the respondents are not presently acting in violation of any legal duty imposed upon them. Under these circumstances, this court will not intervene in the internal affairs of the legislative and executive branches of government and direct these branches of government how to best accomplish their tasks (cf. *Heimbach v State of New York,* 89 AD2d 138).

Nor is the case of *People ex rel. Kelly v Common Council of City of Brooklyn* (77 NY 503), cited by petitioners as "directly on point", controlling. In that case, an incumbent alderman from the 12th ward of the Common Council of the City of Brooklyn was elected to Congress and began to discharge his duties as Congressman on March 18, 1879. The Brooklyn City Charter provided that (p 506) " 'no alderman shall during the term for which he is elected hold any other public office' " and that (p 506) " 'if any alderman * * * shall be * * * elected to and accepts such public office * * * his office as alderman shall immediately become vacant and his place shall be filled by a special election to be ordered within thirty days thereafter by the common council to be held by electors of the ward in which he shall have been elected' ". A proceeding was commenced which alleged that the common council had refused a request to order a special election to fill the vacancy. In its answer, the common council admitted that it had refused to call the election but argued that no vacancy existed by virtue of the alderman's election to Congress.

Special Term held that the alderman's office did in fact become vacant upon his election to Congress, and issued a writ of mandamus directing the common council to immediately order a special election to be held on or before April 18, 1879 (i.e., 30 days after the alderman's resignation).

The holding of Special Term was eventually affirmed by the Court of Appeals.

It is clear that the *Kelly* case is distinguishable from the case at bar in two fundamental respects:

(1) the respondents herein, in contrast to the common council in *Kelly* (*supra*), do not contest the fact that a vacancy exists in the Suffolk County Legislature; and

(2) the special election in the case at bar can be held up to 90 days after the vacancy occurs, in contrast to the 30-day period in *Kelly,* and therefore there is still time for the respondents to choose a date for the special election and give adequate notice thereof to the voters and the board of elections.

Accordingly, the judgment must be affirmed.

MANGANO, J. P., GULOTTA, BRACKEN and NIEHOFF, JJ., concur.

Judgment of the Supreme Court, Suffolk County, dated January 14, 1983, affirmed, without costs or disbursements.